# Exhibit A

KELLEY & WILKINS
A Limited Liability Company

MATSON KELLEY        8129
ALEX WILKINS         10276
Wailuku Executive Center
24 N. Church Street, Suite 312
Wailuku, Hawaii 96793
Telephone: (808) 244-4994
Facsimile: (800) 948-7344

Attorneys for Plaintiffs
JAMES R. IRWIN and
SHELLI IRWIN

**Electronically Filed
SECOND CIRCUIT
2CCV-20-0000119
04-MAY-2020
02:18 PM**

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| JAMES R. IRWIN; SHELLI IRWIN, | ) CIVIL NO. |
| | ) (OTHER NON-VEHICLE TORT) |
| Plaintiffs, | ) |
| | ) COMPLAINT; SUMMONS |
| vs. | ) |
| | ) |
| BRE ICONIC GWR OWNER LLC dba | ) |
| GRAND WAILEA; WALDORF=ASTORIA | ) |
| MANAGEMENT LLC, a foreign limited | ) |
| liability company; JANE DOE 1; DOE | ) |
| CORPORATIONS 1-5; DOE ENTITIES 1-5; | ) |
| JOHN DOES 1-10; JANE DOES 2-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

## **COMPLAINT**

COME NOW Plaintiffs JAMES R. IRWIN and SHELLI IRWIN, by and through their

counsel, the Law Offices of Kelley & Wilkins, LLC, and hereby submit the following Complaint

against Defendants BRE ICONIC GWR OWNER LLC dba GRAND WAILEA,

WALDORF=ASTORIA MANAGEMENT LLC, a foreign limited liability company, JANE

DOE 1, DOE CORPORATIONS 1-5, DOE ENTITIES 1-5, JOHN DOES 1-10, JANE DOES 2-

10 (*collectively*, "Defendants"), and hereby submit the following Complaint against the above-named Defendants, and complain and allege as follows:

## PARTIES AND JURISDICTIONAL ALLEGATIONS

1. This lawsuit seeks compensation for the serious personal injuries and financial losses suffered by Plaintiffs JAMES R. IRWIN ("Mr. Irwin" or "Plaintiff") and SHELLI IRWIN ("Mrs. Irwin") as a result of the fall that occurred at Defendants' premises.

2. At all times relevant herein, Plaintiffs JAMES R.IRWIN and SHELLI IRWIN (*collectively*, "Plaintiffs") were residents of the State of Oregon visiting the County of Maui, State of Hawaii.

3. At all times relevant herein, Defendant BRE ICONIC GWR OWNER LLC, a foreign limited liability company doing business as GRAND WAILEA ("Defendant Grand"), was a vacation resort situated and doing business in the County of Maui, State of Hawai'i.

4. At all times relevant herein, Defendant WALDORF=ASTORIA MANAGEMENT LLC, a foreign limited liability company ("Defendant WAM"), was an entity doing business in the County of Maui, State of Hawai'i.

5. Plaintiffs have diligently and in good faith attempted to ascertain the names and identities of possible Defendants whose identities are presently unknown to Plaintiffs. Such attempts include contacting all presently known witnesses to the said occurrence.

Despite the foregoing, the identity of other defendants, whose conduct may have been a substantial factor or a proximate cause of Plaintiff's damages and losses, remain unknown to Plaintiffs.

Plaintiffs allege, on information and belief, that directly or indirectly, the conduct of other Defendants, presently unknown to Plaintiffs, was or may have been a cause of the occurrence complained of, and/or the damage or loss thereby sustained by Plaintiffs, as a result of which all Defendants, unidentified and identified, may be legally, jointly, and severally liable to Plaintiffs

for said injuries and losses sustained inasmuch as the conduct of each Defendant may have coincided and/or concurred with that of each and every other Defendant, named or unnamed.

6. At all times relevant herein, Defendants, or any of them, managed, controlled, and/or maintained the premises in question which caused Plaintiff's injuries.

7. Plaintiffs are informed and believe that, at all times relevant herein, each of the Defendants was acting as the agent, employee, alter ego or joint venturer of the other, and was at all times or is otherwise vicariously liable to Plaintiffs.

8. Jurisdiction of this Court is sought under Hawaii Revised Statutes ("HRS") §634-35, and venue is proper.

## FACTUAL ALLEGATIONS

9. At all relevant times, Defendants were responsible for the management, planning, construction, supervision, ownership, leasing, installation, inspection, control, operation, repair and/or maintenance of the grounds, walkways, lighting, bridges and stairs located on Defendants' premises at the Grand Wailea Resort, located at 3850 Wailea Alanui Drive, Kihei, HI ("Resort").

10. At all times relevant to this action, Defendants, and their agents and employees, negligently acted or failed to act when planning, constructing, supervising, owning, leasing, installing, inspecting, operating, repairing and/or maintaining of the grounds, walkways, lighting, bridges and stairs of the Resort where Mr. Irwin fell..

11. On or about May 6, 2018, Mr. Irwin was walking back to his guest room, with his wife and friends, after having dinner at a restaurant all located onsite at Defendants' Resort. Due to purported maintenance, the route from the restaurant back to Mr. Irwin's room was limited and required him to cross over a pedestrian bridge that spanned a water feature. As Mr. Irwin started down the steps of the pedestrian bridge, he encountered low light conditions

3

coupled with a stair tread that lacked dimensional uniformity causing Mr. Irwin to fall and suffer serious injury. Plaintiff was unaware of the lack of uniformity of the stairs, compounded by the low light conditions, at any time prior to his fall.

12. Defendants, and each of them, knew or reasonably should have known of said dangerous condition and/or unreasonable risk of harm posed by the non-uniform steps and low lighting; however, Defendants failed to remedy said condition or warn foreseeable users against it.

13. As a proximate result thereof, Plaintiff fell, causing severe injuries as further alleged hereafter.

## Count I – Negligence

14. Plaintiffs restate the allegations of Paragraph 1 through 13 and incorporate those paragraphs by reference.

15. On or about May 6, 2018, Mr. Irwin was a guest, patron and/or invitee of Defendants.

16. On said date, Mr. Irwin was walking back to his guest room, with his wife and friends, after having dinner at an on-site restaurant when he fell while descending a pedestrian bridge in low light conditions, resulting in severe injuries. Said incident was caused by Defendants' failure to properly manage, plan, construct, supervise, install, inspect, control, operate, repair and/or maintain the subject pedestrian bridge, including the lack of dimensional uniformity of the steps.

17. Mr. Irwin suffered long-term and permanent injuries due to the accident at Defendants' Resort.

18. At all times relevant herein, Defendants had a duty to prevent exposing guests at the Resort to unreasonable risks of harm.

19. Defendants knew, or in the exercise of reasonable care should have known, that the dimly lit pedestrian bridge with non-uniform steps posed an unreasonable risk of harm to guests at the Resort.

20. Defendants breached their duty by failing to mitigate the unreasonable risk of harm, or warning guests, including Plaintiff, against it.

21. As a result of her husband's fall, Ms. Irwin has suffered the loss of marital consortium and is, therefore, entitled to an award of general and such other damages as are proved at trial against said Defendants.

22. The conduct of Defendants, or any of them, was negligent including but not limited to:

   A. Designing, constructing, maintaining, managing, repairing, owning, operating, possessing, controlling, and entrusting the Resort and other permanent and temporary appurtenances thereto, and causing and allowing a dangerous, defective, hazardous and unsafe condition to exist;

   B. Failing to have, maintain and provide a reasonably safe path at the Resort for use by their guests, public and pedestrians;

   C. Failing to properly instruct others regarding the Resort and its use, maintenance, care and operation;

   D. Failing to warn, advise, guard and protect users, guests and pedestrians, regarding the Resort;

   E. Failing to take appropriate action after having actual and/or constructive notice that the Resort and its adjoining area and its permanent and temporary appurtenances were unsafe, dangerous, hazardous, defective, and a concealed trap;

    F.    Conducting themselves with reference to the Resort and Plaintiffs so as to create a substantial unreasonable risk of injury to persons using the Resort;

    G.    Creating a dangerous and unsafe condition by allowing the subject pedestrian bridge to have steps without dimensional uniformity, especially in low light conditions, thereby creating the dangerous area of the pathway to persons using the Resort;

    H.    Failing to properly repair the Resort, including but not limited to, posting warning signage, increasing lighting and/or other remedies, rather than properly repairing or replacing the entire subject pedestrian bridge; and

    I.    Such other acts and/or omissions as may be discovered.

23.    As the result of the wrongs alleged above, and the severe injuries sustained by Mr. Irwin due to those wrongs, the normal family relations between Mr. Irwin and his family have been severely impaired, including the loss of consortium sustained by Mrs. Irwin.

24.    At all relevant times, Defendants managed, controlled, operated, and/or maintained the subject pedestrian bridge and the surrounding area where Mr. Irwin's injury occurred; Defendants were responsible for inspection, repair, upkeep, construction, design and maintaining the premises to ensure that such area was safe for patrons. The maintenance and inspection of the premises was the duty of Defendants.

25.    Defendants had knowledge of and/or notice, actual or constructive, of the unreasonable and/or unsafe condition(s) created by the subject pedestrian bridge, and failed to properly maintain, inspect, repair, monitor, or supervise the premises and/or warn users, including but not limited to Plaintiff, of the unsafe condition of the premises, and further failed to eliminate, alert or correct said danger and/or hazard.

26. Specifically, the steps of the subject pedestrian bridge lacked dimensional uniformity with tolerances between the steps exceeding accepted standards, which exceed reasonable, expected and proper tolerances/variances.

27. Defendants were jointly responsible to eliminate and/or warn of any unreasonably dangerous and/or unsafe condition(s) in the subject premises.

28. Defendants are vicariously liable for the negligence of their employees, agents and/or authorized representatives acting within the course and scope of their employment under the doctrine of *respondent superior*.

29. Defendants failed to adequately protect from injury persons who could reasonably be foreseen to be at Defendants' Resort.

30. The actions of Defendants, individually and in concert, as alleged herein, were negligent and subject to joint and severable liability.

31. The negligence of Defendants were each a substantial factor in causing the injuries and losses sustained by Plaintiffs. Such injuries and losses include, but are not limited to, loss of mobility, loss of income, loss of enjoyment of life, pain and suffering and loss of consortium.

32. As a result of his injuries and the resulting complications, Mr. Irwin was unable to work for a protracted period time, including time he was hospitalized, in a rehabilitation facility or rehabilitating at home, resulting in Mr. Irwin and his business suffering significant loss of income, earnings and revenue , in an amount which will be proven at trial;

33. As a result of his injuries and the resulting complications, Mr. Irwin incurred reasonable and necessary medical expenses in an amount which will be proven at trial;

34. As a result of his injuries and the resulting complications, Mr. Irwin needed to retain contractors to finish necessary work on his family home which he had intended to complete;

35. As a result of his injuries and the resulting complications, Mr. Irwin incurred general damages in an amount which will be proven at trial;

36. Further, Mrs. Irwin has incurred loss of consortium in an amount which will be proven at trial.

37. As a direct, proximate and/or legal cause of Defendants' negligence, or that of any of them, Mr. Irwin has sustained permanent and severe physical injury, emotional distress of a continuing nature, diminution of enjoyment of life, medical expenses, diminution of earning capacity and other damages all in excess of the jurisdictional limit of this Court as well as such other damages as shall be proved at the time of trial.

Count II - Premises Liability

38. Plaintiffs restate the allegations of Paragraph 1 through 37 and incorporate those paragraphs by reference.

39. Defendants and each of them owned, occupied, maintained, controlled and/or managed the Resort.

40. Defendants and each of them had a duty to eliminate, prevent or warn of any unreasonable risk of harm existing on the property.

41. Defendants and each of them breached their duty to eliminate, prevent or warn of the unreasonable risk of harm presented by the subject pedestrian bridge.

42. Defendants and each of their negligence includes, but is not limited to, their failure to control, test, maintain, supervise, repair, inspect or warn about the unreasonable risk of harm upon its premises.

43. Defendants and each of their negligence is the direct and legal cause of Plaintiff's injuries and resulting damages.

44. As a direct, proximate and/or legal cause of Defendants' negligence, or that of any of them, Mr. Irwin has sustained permanent and severe physical injury, emotional distress of a continuing nature, diminution of enjoyment of life, medical expenses, diminution of earning capacity and other damages all in excess of the jurisdictional limit of this Court as well as such other damages as shall be proved at the time of trial.

Count III - Liability of Defendants for Negligent Infliction of Emotional Distress

45. Plaintiffs restate the allegations of Paragraphs 1 through 44 and incorporates those paragraphs by reference.

46. Defendants and each of them, and/or their agents and/or employees, had a duty of care to Plaintiff to protect him from any hazards on the property, which they knew or should have known presented an unreasonable risk of harm.

47. Defendants and each of them, and/or their agents and/or employees negligently breached this duty to Plaintiff and the injuries he sustained were directly and proximately caused by the negligence of Defendants.

48. As a result of the conduct of Defendants and each of them, Plaintiffs sustained emotional distress, and will continue to experience emotional distress in the future.

49. The conduct of Defendants and each of them was the direct and proximate cause of Plaintiffs' emotional distress, including mental worry, anxiety, anguish, suffering and grief, and all other damages to which Plaintiffs are entitled.

WHEREFORE, upon a trial hereof, Plaintiffs request a judgment in their favor and against Defendants, jointly and severally, for special damages and general damages as described above and shall be proven, together with prejudgment and post-judgment interest, attorneys' fees and costs, and for such other relief as may be deemed appropriate pursuant to Rule 54 of the <u>Hawaii Rules of Civil Procedure</u>.

DATED:  Wailuku, Maui, Hawai'i, May 4, 2020.

                                               */s/ Matson Kelley*
                                               MATSON KELLEY
                                               ALEX WILKINS
                                               Attorneys for Plaintiffs
                                               JAMES R. IRWIN and
                                               SHELLI IRWIN